**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**Jose Luis Birriel Rivera**<br>**Lydia Iris Ocasio Burgos**<br><br>**Debtors** | Case no.: 18-05896 ESL<br><br>Chapter: 7 |
| **Jose Luis Birriel Rivera**<br><br>**Lydia Iris Ocasio Burgos**<br><br>Plaintiffs<br><br>**First Bank Puerto Rico**<br><br>**Defendant** | Adv. Proc. No. 18-00140 ESL<br><br>RE: Complaint to determine<br><br>Validity of Lien<br><br>Rule 7001(2) FRBP |

## MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

TO THE HONORABLE COURT:

COMES NOW **First Bank Puerto Rico**, ("Firstbank") through the undersigned counsel, and very respectfully states and requests:

### Introduction

1. Plaintiffs filed this Complaint pursuant to Rule 7001(2) of the Federal Bankruptcy Rules ("FRBP"). They essentially allege that the mortgage held by defendant First Bank Puerto Rico over Plaintiff's residential real property is not valid since is not recorded in the Property Registry of Puerto Rico as of the date of the commencement of these Chapter 7 proceedings and that

1

accordingly defendant's claims are unsecured.

2. Briefly stated, plaintiffs allege that First Bank is claiming a security or secured classification based on a mortgage lien through Mortgage Deed number 184 which has not been recorded due to the fact that lot number 379 were the Plaintiff's allegedly[1] owned property is located; for said reason, plaintiffs argue that First Bank's mortgage lien is not a valid or perfected lien and therefore, it constitutes an unperfected security instrument which should be cancelled or annulled. Finally, plaintiff alleges that First Bank's claim (POC #3-1) must be classified as a "general unsecured claim".

3. Defendant respectfully understands that this Honorable Court should not allow the present adversary proceeding to continue since plaintiffs' allegations are not sufficient at law to establish a cause of action for which relief is proper.

4. Briefly stated, the case at bar should be dismissed at this juncture in order to prevent unnecessary litigation, costs and efforts.

## I. Motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)

5. In order to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, the Court must deny the motion to dismiss. *Warth v. Seldin*, 422 U.S. 490, 501 (1975);

---

[1] We used the term "allegedly owned" due to the fact that if we apply the same principles alleged by the plaintiff to argue that the lien is non existent then his title on the property shall be considered non existent either since the deed of sale transferring title to the plaintiff is not recorded either. Therefore, title to the property has not been perfected. This being the case, plaintiff can't argue against the perfection of the lien without arguing that title is not perfected either.

2

*Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Blackstone Realty LLC v. Fed. Deposit Ins. Corp.*, 244 F.3d 193, 197 (1st Cir. 2001); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994); *Santiago v. Reliable Fin. Servs., Inc.*, 2007 U.S. Dist. LEXIS 91704 (D.P.R. 2007) (Gelpí, J.).

6. In its landmark decision in *Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, the United States Supreme Court established that a complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) only if the allegations in the complaint cross the line between "possibility" and "plausibility" of entitlement to relief. *Bell Atl., supra*, at 1966 (citing DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999).

7. A plaintiff need not plead sufficient facts to establish a *prima facie* case. *Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 515 (2002) (*cited with approval in Bell Atl.*, 127 S. Ct. at 1969). Rather, the complaint must only provide the defendants with fair notice of the plaintiff's claims and sufficient facts to provide notice of the grounds upon which such claims rest. *Bell Atl.*, *supra*, at 1959; *Adelphia Communications Corp. v. Bank of Am., N.A.* (*In re Adelphia Communications Corp.*), 365 B.R. 24, 33 (Bankr. S.D.N.Y. 2007).

8. The dismissal standard put forth by the Supreme Court in *Bell Atlantic* is in line with previous decisions of the First Circuit Court of Appeals. *Official Committee of Unsecured Creditors v. Foss (In re Felt Mfg. Co., Inc.)*, 371 B.R. 589, 605 (Bankr. D.N.H. 2007). Post-*Bell Atlantic*, the First Circuit has stated that complaint must allege "a plausible entitlement to relief," *Rodríguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007)

3

(*quoting Bell Atl.*, 127 S. Ct. at 1967), and further has indicated that a plaintiff must plead facts sufficient to allow the necessary inferences to be drawn that the plaintiff may be entitled to relief. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 9 (1st Cir. 2007).

9. In the case at bar, it is evident from plaintiffs' Compliant that, even if taken as true and correct, the facts upon which they base the Complaint are simply insufficient to entitle them to relief.

10. That is, even assuming *in arguendo* that the facts plaintiffs allege in the Complaint were completely true (which defendant denies), under the applicable law they do not constitute a valid claim against First Bank.

11. In light of the above and for the reasons that follow, plaintiffs' Complaint should be dismissed summarily under Fed. R. Civ. P. 12(b)(6). Let us discuss.

## II. Legal Discussion

## A. Continuation of the recordation of the mortgage is not precluded by the automatic stay

12. Section 362(b)(3) of the Bankruptcy Code, 11 U.S.C.A. §362(b)(3), provides that:

> The filing of a petition under section 301, 302, or 303 of this title [11 USCS §301, 302 or 303], or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS §78eee(a)(3), **does not operate as a stay**—
> (1)…
> (2)…
> (1) under subsection (a) of this section, **of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title** [11 USCS §546(b)] or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title [11 USCS §547(e)(2)(A). (Emphasis Added).

4

13. The previously cited provision "does not authorize the creation of new rights or interests for the creditor. Instead, it merely permits perfection, or maintenance or continuation of perfection, free of the automatic stay that would otherwise apply, under circumstances in which the creditor's action would be effective against a trustee". 362.05[4] *Collier on Bankruptcy, supra,* p. 362-53.

14. As a result, defendant is not precluded by the automatic stay from taking the necessary actions, if any are required, for the completion or perfection of the recordation of its mortgage lien(s) in the Registry of Property.

15. *In conclusion*, the Property Registrar is not prevented from passing judgment on the title, which created the mortgage lien in favor of defendant.

## B. The Mortgage as a real property right

16. Article 1756 of the Puerto Rico Civil Code, (31 L.P.R.A. sec. 5001), establishes the requirements of a mortgage contract. It provides in pertinent part as follows:

> *Sec. 5001. Requisites of contracts of pledge and of mortgage*
> *The following are essential requisites of the contracts of pledge and of mortgage:*
>
> *(1) That they be constituted to secure the fulfilment of a principal obligation.*
>
> *(2) That the thing pledged or mortgaged is owned by the person who pledges or mortgage it.*
>
> *(3) That the persons who constitute the pledge or mortgage have the free disposition of their property, and, should they not have it, that they are legally authorized for the purpose.*

5

17. With a mortgage, the mortgagee acquires a right; (a) over a determined thing (*in rem*); (b) with efficacy towards everyone; and (c) recordable in the Registry of Property.

18. Moreover, Article 1774 of the Puerto Rico Civil Code, (31 L.P.R.A sec. 5042), establishes another indispensable requirement for the validity of a mortgage, providing in its pertinent part the following:

> *Requisites of mortgage; rights of person in whose favor created*
>
> *Besides the requisites mentioned in 5001 of this title, it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property…*

19. Therefore, a mortgage, unlike most of the other real property rights recognized by the laws of Puerto Rico, has to be duly recorded at the Registry of Property in order to attain its *efficacy towards everyone*.

20. Stated in a different manner, mortgages become valid and can be opposed against third parties once they are registered or recorded in the Registry of Property. *See*, *United Federal Savings Loan Assoc. v. Nones*, 283 F. Supp 638 (D.P.R. 1968); *S.J. Credit, Inc. v. Ramírez,* 113 P.R. Dec. 181 (1982); *Gaztambide v. Sucn. Ortiz*, 70 P.R. Dec. 412 (1949); *Rosario Pérez v. Registrador*, 115 P.R. Dec. 491 (1984).

21. It is clearly established law, that the absence of recordation is fatal to the existence of the mortgage since it is only recognized by the laws of Puerto Rico as a real property right after it is recorded in the Property Registry . *United Fed. Sav. Loan Assoc. v. Nones* , *supra,* at 639-640;*S.J. Credit, Inc. v. Ramírez, supra*. If a mortgage has not been registered or recorded, the

6

mortgage is nonexistent and the underlying obligation, that is, the personal obligation, which is guaranteed by the mortgage remains as an unsecured obligation. *Rosario Pérez v. Registrador*, *supra*.

## C. Presentation of documents to the Registry of Property

22. One of the basic mortgage principles in effect in Puerto Rico is that ordinarily, and with very few exceptions, the Registrar acts only upon the petition of an interested party ("principio de rogación"). *See*, Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* p. 242 (Ed. 2002). Such a request or prayer is consummated with the presentation of documents and the registration petition.

23. Article 19 of the Mortgage Law, 30 L.P.R.A. § 6034, establishes that the recorded titles shall have effect against third parties from the date of their registration and that the registration date shall be the date of the original presentation of the documents at the Registry.

24. The Supreme Court of Puerto Rico has emphasized on several occasions that, although the recorded rights produce effects as to third parties from the date of their registration, the determining moment for the registration to become effective is the date of presentation. **That is, the registration in the Registry of Property produces its effects retroactively to the particular moment of presentation**. *Gasolinas de Puerto Rico Corp. v. Registrador*, 155 D.P.R. Dec. 652 (2001); *Ponce Federal v. Registrador*, 105 P.R. Dec. 486 (1976). (Emphasis Added).

25. The Entry of Presentation ("asiento de presentación") serves as an implicit notice to the general public until the document is formally and effectively registered. *Flores v. Arroyo*, 43 D.P.R. 282, 283 (1932). For that reason, the document referred to as the "Minute of Entry of Presentation" is intrinsically related to the mortgage principle of rank or priority. As marked by the Entry of Presentation, the Registry of Property maintains a sequential order of the documents that are presented for registration. The rank or priority of the rights sought to be recorded is determined by the date and time of Entry of Presentation. *Gasolinas de Puerto Rico Corp. v. Registrador, supra.*

26. Esentially, the Entry of Presentation is a provisional or temporary entry of the title (i.e., right) that is sought to be recorded, which becomes a definite registration once the Registrar passes judgment on the documents presented. *See*, II Ramón María Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral,* pág. 220 (Ed. 1995).

27. Neither the Mortgage Law nor the General Rules for the Implementation the Mortgage Law and the Registry of Property establish a specific time frame for the Registrar to pass judgment on the titles presented for registration. *See*, Luis Rafael Rivera Rivera, *supra*, p. 281. For that matter, as it is generally known in our jurisdiction, that in many cases, periods of 3 to 5 years, and sometimes more, often pass between the date of presentation and the date on which the Registrar passes final judgment on the titles presented for registration.

28. In the case at bar, Mortgage Deed number 184, executed before Notary Public Rene Aviles Perez on July 28, 2009, and which created the mortgage in favor of defendant was presented to the corresponding Registry of Property (Caguas, PR) on October 10, 2009 at *entry* 429, *of book* 1149. *See*, allegations 11-12 of the Complaint.

29. The bankruptcy petition was filed on October 9, 2018, 9 years and 1 day after the presentation of Mortgage Deed 184. *See*, allegation 12 of the Complaint.

30. Since the mortgage deed was presented at the corresponding Registry of Property during the year 2009, the recordation of said mortgage will relate back to such date once the Property Registrar passes final judgment as to its validity.

31. In the event the mortgage deed cannot be recorded because of a defect that precludes recordation, defendant (as mortgagee) would still have the opportunity to cure any defects within the terms and under the conditions provided by the Mortgage Law. In such a case, once the defects are corrected, the recordation date would still relate back to the date of the original presentation of the document at the Registry of Property, well before the commencement of this case.

## D. Extinguishment of entries

32. Article 201 of the Mortgage Law, 30 P.R. Laws Ann. §6331 states that "[r]egistry entries are extinguished and lose their legal effect by cancellation, expiration or conversion". The motives for the cancellation of an entry are

9

established in Article 203 of the Mortgage Law, 30 P.R. Laws Ann. §6333. They are: **(a) the recorded real property is completely extinguished; (b) the recorded right is completely extinguished; (c) the nullity of the title in virtue of which the entry was made is declared by judicial decree; and (d) the nullity of the entry is declared by judicial decree**. (Emphasis Added).

33. Entries subject to expiration terms are generally those related to cautionary measures (e.g., for the attachment of property). The expiration of an entry may also occur when the Registrar has notified defects that prevent the registration of the title and the term provided to correct the defects elapses without appropriate action by the interested party. The new law brought with it a 60 days period to proceed with said correction. Once this 60 day period elapses, without any correction been made, the entry is officially expired. *See*, Article 238 of the Mortgage Law, 30 L.P.R.A. § 6390.

34. Lastly, an entry may expire if the party that presents the documents for registration opts for the removal or withdrawal of the documents before the right or title becomes registered. Certain requirements must be met in order for the removal or withdrawals to be allowed when the same might affect documents that were presented *a posteriori*. *See*, Article 267 of the Mortgage Law, 30 L.P.R.A. § 6451.

35. Conversion refers to a title that is properly recorded after its presentation. In that case, there is no need to maintain the entry of presentation. *See*, Luis Rafael Rivera Rivera, *supra*, at 265.

10

36. The entry of presentation of the mortgage in favor of defendant remains in effect at the corresponding Property Registry. That is, the entry has not been cancelled or extinguished, nor have the documents by virtue of which the entry was created been removed or withdrawn. Simply stated, the recordation of the mortgage will become effective with retroactive effect as soon as the Property Registrar passes judgment on the document duly presented for recordation.

37. Therefore First Bank had a pre-petition 'interest in property' that was excepted from the automatic stay and from a trustee's avoiding powers because it had a present right to create and record a lien under Puerto Rico's Mortgage Law and had affirmatively pursued that right. Under the Bankruptcy Code and Puerto Rico's Mortgage Law, a filed but unrecorded mortgage, which had a valid and unexpired entry, that had no uncured expired defects, and upon which the Registrar had taken no affirmative action as to refuse or deny recordation, had to be treated as a secured claim if proof of claim was filed pursuant to the Bankruptcy Code. *Hernandez v. Banco Popular De Puerto Rico Popular Mortg., Inc. (In re Hernandez),* **2016** *Bankr. LEXIS 873 (Bankr. D.P.R. Mar. 18,* **2016***).*

38. Finally, in <u>*Tosado v BPPR (In re Rios)*</u> *420 BR 57 (2009)* plaintiff sought to avoid a mortgage deed that had not been recorded. The Court had to determine whether the creditor's unrecorded mortgage liens met the necessary requirements under the exception to the automatic stay provided under 11 U.S.C.S. § 362(b)(3), and whether under the provisions of 11 U.S.C.S. § 547

11

the unrecorded mortgage liens could be avoided as a preferential transfer since the same were not perfected at the time of the filing of the bankruptcy petition. The controversy was somewhat similar to the one at bar, in as much as, a determination had to me made as to whether the holder of a presented, yet unrecorded mortgage as of the date the bankruptcy petition was filed, was a secured creditor.

39. In Tosado v BPPR, id., the court determined that the fact that the mortgage deed was presented pre-petition coupled with retroactive provisions of article 53 of the old Puerto Rico Mortgage Law, now, Article 19, supra, of the Mortgage Law, *supra*, rendered the creditor a secured creditor despite the fact that the mortgage deed was not recorded as of the time the bankruptcy petition was filed. In making such determination the Court analyzed the applicable provisions of the mortgage Law of Puerto Rico and concluded that:

"Under the Debtors' interpretation, mortgage deeds which had been duly presented to the Property Registry prepetition, but had not been recorded by the Property Registrar prior to the filing of the bankruptcy petition would never qualify for the automatic stay exemption and would in essence make ineffective a creditor's **secured** interest (through the mechanism of employing mortgage liens) because of the Property Registrar's backlog and delay in registering mortgage deeds. The result being that a creditor that loaned monies relying on a lien will experience its interest being transformed to an unsecured interest (personal obligation) by the filing a bankruptcy petition prior to the date of the recordation of the mortgage lien. **The mortgage deed was presented prior to the filing of the instant petition for relief (this is an uncontested fact) therefore the date of recording will be deemed the day it was presented at the Registry of Property and as such BPPR is a secured claim holder."** (Emphasis Added)

40. Congress intended to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Tosado v. BPPR**.**, (Lamoutte, J.) (citation omitted). *EMI Equity Mortgage, Inc. v. Valdés-Morales***,** 315 F.Supp.3d 694 (2018).

41. Citing with approval the ruling in *Tosado v BPPR*, this Court in *Morales Hernandez v. BPPR***,** *(In re Hernandez*), 2016 WL 1301642, 75 Collier Bankr.Cas.2d 401, (2016), concluded as follows:

"This Court further acknowledges that the very filing of the deeds at the Registry of the Property, "though arguably falling short from creating a mortgage lien, could create an interest in the real property superior to a later in time bona fide purchaser." *Id.* at 121–122. Under Puerto Rico Mortgage Law, the filing of a deed at the Registry of Property is regarded "to be a legally significant act" because the effects of recordation, once it occurs, retroacts to the specific date of filing." *Soto Rios,* 662 F.3d at 121, *Rios,* 420 B.R at 70, *aff'd sub nom,* 662 F.3d 112 (1st Cir. 2011) (citing *Gasolinas P.R.,* 155 P.R. Dec. at 675). By filing the deeds at the Registry of the Property, and subsequently the respective reconsideration writs, Defendant took all the necessary steps, provided by the Puerto Rice Mortgage Law, to perfect its pre-petition acquired right."

42. Plaintiffs have failed to allege sufficient facts to establish a valid cause of action against First Bank Puerto Rico. Therefore, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Bankruptcy Rules, plaintiffs' Complaint must be dismissed. Moreover, given the plaintiffs' temerity in bringing this suit and because of the frivolous nature of their claims, an award of court costs and attorneys' fees in favor of First Bank Puerto Rico is appropriate.

**WHEREFORE**, defendant respectfully requests this Honorable Court to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice and in its entirety, the Complaint filed by plaintiffs because the same fails to state a claim upon which a relief may be granted and to allow First Bank Puerto Rico claim as secured claim in the amount asserted in its Proof of Claim filed in the proceedings, and to grant First Bank Puerto Rico an award of court costs and attorneys' fees, as well as any other relief to which it may be entitled under the circumstances of the case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of March 2019.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants of the CM/ECF system, to **the Chapter 7 Trustee, Wigberto Lugo Mender, Esq., the Chapter 7 Trustee, Wigberto Lugo Mender, Esq., Patricia I. Varela Harrison and to Debtor's counsel, Roberto Figueroa Carrasquillo, Esq.**

\S\ RAFAEL A. OJEDA DIEZ
USDC Id. No. 210105
OJEDA & OJEDA LAW OFFICE, PSC
P.O Box 9023392
San Juan, PR 00902-3392
Tels. (787) 728-4120 -728-4102
Fax (787) 727-3177
E-mail: rafaelojeda@ojedalawpr.com

14