IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 18-05896 ESL |
| JOSE LUIS BIRRIEL RIVERA<br>LYDIA IRIS OCASIO BURGOS | |
| | CHAPTER 7 |
| DEBTORS | ADV. PROC. NO. 18-00140 ESL |
| | |
| JOSE LUIS BIRRIEL RIVERA<br>LYDIA IRIS OCASIO BURGOS | |
| PLAINTIFFS | |
| V. | |
| FIRST BANK PUERTO RICO | |
| DEFENDANT | |

## PLAINTIFF'S REPLY TO *MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)*, DOCKET NO. 16

### TO THE HONORABLE COURT:

COME NOW, **JOSE LUIS BIRRIEL RIVERA and LYDIA IRIS OCASIO BURGOS**, Plaintiffs-Debtors, in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

### I. Introduction

1. On December 05, 2018, the Plaintiffs/Debtors filed a *Complaint* (Docket No. 1) to determine the validity of a mortgage lien on the Plaintiffs' residential real property held by Defendant First Bank Puerto Rico ("First Bank"), requesting the Court to declare that First Bank's claim is an unsecured claim, in the above captioned adversary proceeding.

2

2. On March 28, 2019, First Bank filed *Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6)*, Docket No. 16.

## II. Plaintiffs' Counter-Statement of Material Uncontested Facts

3. On July 28, 2009, the Plaintiffs acquired a 100% property interest in a real property located at Borinquen Valley 2 Development 379 Capuchino Street Caguas, Puerto Rico, (hereinafter "the Property").

4. The Property is described, in the Spanish language, as follows:

> "URBANA: Solar marcado con el numero trescientos setentay nueve (379) en el Plano de inscripción de la Urbanización Borinquen Valley Phase II en el termino Municipal de Caguas, Puerto Rico, con un área superficial de trescientos (300.00) metros cuadrados. En lindes por el NORTE, en doce punto cero cero (12.00) metros con el solar numero trescientos sesenta y ocho (368); por el SUR, en doce punto cero cero (12.00) metros con la calle Capuchino; por el ESTE, en veinticinco (25.00) metros con el solar número trescientos setenta y ocho (378); y por el OESTE, en veinticinco (25.00) metros con el solar número trescientos ochenta (380).
>
> En este solar está enclavada una residencia construida de hormigón armado de una sola planta."

5. On July 28, 2009, the Plaintiffs/Debtors ("Purchasers") and Jenvel Corporation and Borinquen Valley S.E. ("Seller"), executed a *Segregation and Sales Deed* (entitled in the Spanish language: *Escritura de Segregación, Libereación y Compraventa*) Number 54, before Notary Public Public Patricia Blanca Bou.

6. The aforestated Deed Number 54 was presented at the Property Registry on October 10, 2009, at *asiento* 428 *diario* 1149 Caguas Section of the Puerto Rico Property Registry.

7. On July 28, 2009, Plaintiffs executed a *Mortgage Note* (*"Pagare Hipotecario"*) in the sum of $166,260.00 in favor of RBS Mortgage Corp.

3

8. The aforementioned $166,260.00 mortgage note was guaranteed with a *Mortgage Deed* Number 184 entitled in the Spanish language *Escritura de Hipoteca*, executed on July 28, 2009, before Notary Public Rene Aviles Perez.

9. On October 10, 2009, the aforementioned *Mortgage Deed* Number 184 was filed ("*presentada*") at the Puerto Rico Property Registry, Caguas Section, at *asiento* 429 *diario* 1149.

10. As of the date of the filing of the present *Complaint*, the Property Registry's records/books reflect that since October 10, 2009, the *Mortgage Deed* Number 184 is pending registration at the Property Registry of Puerto Rico.

11. Prior to the filing of the Plaintiffs' Chapter 7 bankruptcy case (18-05896 ESL7), on October 05, 2018, the Plaintiffs/Debtors contracted the services of a title investigator, Mr. Angel Urbina, in order to investigate the status of First Bank's mortgage deed Number 184 at the Puerto Rico Property Registry.

12. Mr. Urbina's investigation of the records/books of the Property Registry concerning the Property reveals that the aforestated *Mortgage Deed* No. 84 has not been duly recorded since its collateral, the Property or lot number 379, has not been segregated and the same does not exist as a separate property ("finca").

13. The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot number 379 due to missing complimentary documents including a segregation plan ("plano de segregación") and a "government resolution" authorizing the segregation of said lot number 379.

14. As it stands, the Property or lot number 379 is still part of the Seller's (Borinquen Valley S.E.) real property *Finca* Number 52,592, recorded at *folio* 230 of volume ("*tomo*")

4

1538, which property was segregated (*"tracto registral"*) from real property *Finca* number 3943, recorded at *folio* 105 of *tomo* 644, Caguas Section of the Puerto Rico Property Registry.  The Property is recorded in favor of Borinquen Valley S.E., title owner.

15. Since the aforestated complimentary documents were never submitted to the Property Registry, its Registrar is unable to proceed with the segregation of the Property (lot 379) in order to register the Defendant's *Mortgage Deed* Number 184.

16. On October 09, 2018, Plaintiff/Debtor Jose Luis Birriel Rivera filed a bankruptcy petition seeking relief under Chapter 7 of Title 11, 11 U.S.C. §§ 701 *et seq.*, Case No. 18-05896 ESL7. On that same date, October 09, 2018, Plaintiff/Joint Debtor Lydia Iris Ocasio Burgos filed a bankruptcy petition seeking relief under Chapter 7 of Title 11, 11 U.S.C. §§ 701 *et seq.*, Case No. 18-05898 ESL7.

17. The Debtor and the Joint Debtor requested a substantive consolidation of their respective bankruptcy cases (Bankruptcy Case 18-05896 Docket No. 7) and on October 31, 2018, the Court granted the aforestated request for substantive consolidation (Bankruptcy Case 18-05896 Docket No. 7) Ordering the consolidation of both cases under Lead Case Number 18-05896 with Member Case number 18-05898.

18. Plaintiffs/Debtors included creditor First bank in their Chapter 7 bankruptcy case schedules as an unsecured creditor based on an unperfected mortgage lien held by the Defendant BPPR on the Debtors' residential real property located at Urb Borinquen Valley 2 379 Capuchino Street Caguas Puerto Rico.

19. On November 06, 2018, First Bank filed a proof of claim number 3-1, in the above captioned bankruptcy case.

5

20. On November 08, 2018, a 341 meeting of creditors was held in the aforementioned bankruptcy case, 18-05896 ESL7, and the same was closed by the Appointed Interim Chapter 7 Trustee, Wigberto Lugo Mender, Esq. First Bank did not appear at said meeting of creditors. See: *341 Minutes*, Docket No. 15, Case No. 18-05896 ESL7.

21. On February 04, 2019, the Chapter 7 Trustee filed a report of "no distribution", Docket No. 23, and notice was given to all creditors and parties in interest granting 30 days within to file any objections to said report of "no distribution", Docket No. 24, Case No. 18-05896 ESL7.

22. On December 05, 2018, the Plaintiffs filed a *Complaint* under Rule 7001(a) FRBP, against Defendant First Bank, Adversary Proceeding No.18-00140, requesting the Court to determine that First Bank does not hold a mortgage lien on the Plaintiffs' residential real property or the Property. See: *Complaint*, Docket No. 01, Adv. No. 18-00140.

23. On March 28, 2019, First Bank filed a *Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6)*, Docket No. 16, Adv. No. 18-00140.

### III. Plaintiffs' Reply to Defendant First Bank's *Motion to Dismiss*

#### A. A motion for dismissal alleging that a complaint fails to state a claim upon which relief can be granted is governed by Rule 7012 FRBP which makes Rule 12 (b)-(i) F.R.Civ. P. applicable to adversary proceedings

24. Pursuant to Rule 7012(b), of the Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 12(b)-(i) of the Federal Rules of Civil Procedure (F.R.Civ.P.) applies in adversary proceedings.

6

25. Rule 12(b) F.R.Civ.P. allows a party to assert certain defenses by motion:

> "(b) How to Present Defenses. Every defense to a claim for relief in any
> pleading must be asserted in the responsive pleading, if one is required. But a
> party may assert the following defenses by motion:
>
> ...
>
> (6) failure to state a claim upon which relief can be granted.
>
> A motion asserting any of these defenses must be made before pleading if a
> responsive pleading is allowed." Rule 12(b) F.R.Civ.P.

## B. The Dismissal Standard

26. Under Rule 12 (b)(6), F.R.C.P., a court must construe the complaint in the light most favorable to the plaintiff, and thus, must accept all well-pled allegations as true. *Collier v. City of Chicopee*, 158 F. 3d 601, 602 (1st Cir. 1998).

27. Rule 8(a), F.R.C.P., provides that in a "short" and "plain" statement, a party asserting a claim must include: (1) the grounds for the court's jurisdiction; (2) a statement of a claim showing that the pleader is entitled to relief; (3) a demand for relief.

28. A pleader must state, in short and plain terms, a claim showing entitlement to relief. This requires pleaders to give their opponents fair notice of their claim and the grounds upon which it rests. Intricately detailed factual allegations are not necessary, nor need pleaders always set out their legal theories (even asserting an incorrect legal theory will not always be fatal). The Rules rely on discovery and summary judgment, rather than pleadings, to flesh out the disputed facts and cull unmeritorious cases. Thus, the Rules impose a more lenient pleading obligation than do many State courts. Baicker-McKee, Janssen, Corr, *Federal Civil Rules Handbook*, at page 345, (2011 Thomson Reuters/West), and cases therein cited.

7

29. In the U.S. Supreme Court case of *Bell Atlantic v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955; L. Ed. 2d 929 (2007), the Court established the "plausibility" pleading standard which, in summary, requires that the pleader supply those case details necessary to present a story that holds together and that court will as only "*could* these things have happened, not did *they* happen". See: *Swanson v. Citibank, N.A.*, 614 F. 3d 400 (7th Cir. 2010).

30. A well-pled complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. *Twombly*, at 556. See: *Oliveras v. Banco Popular de Puerto Rico (In re Casanova)* 2018 Bankr. LEXIS 4009 (Case No. 16-02087 BKT, Adversary No. 18-00014, Bankruptcy Court, D. Puerto Rico).

31. "The complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'. Fed. R. Civ. P. 8(a)(2) see also *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)". *Oliveras v. Banco Popular de Puerto Rico (In re Casanova)* 2018 Bankr. LEXIS 4009.

32. In the present case, Plaintiffs have alleged the grounds for the court's jurisdiction, they have asserted a statement of a claim showing that the pleader is entitled to relief and they have alleged a demand for relief, thus, Plaintiffs meet the plausibility pleading standard.

33. Whether the complaint states a claim upon which relief may be granted is generally not dependent on whether the defendant has a defense. *U.S. v. Northern Trust Co.*, 372 F.3d 898, 888 (7th Cir. 2004).

8

## C. The inapplicability of both Article 19 and the *prior tempore potior iure* principle to the facts of the present case.

34. In its motion to dismiss, Defendant states that the present *Complaint* should be dismissed for failure to state a claim upon which relief can be granted alleging that the "[P]laintiffs have failed to allege sufficient facts to establish a valid cause of action against First Bank Puerto Rico. Therefore, pursuant to the provisions of Rule 12 (B)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Bankruptcy Rules, plaintiffs' Complaint must be dismissed." *Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6)*, at page 13, Docket No. 16.

35. To support its request for dismissal, Defendant states the following:

---that its mortgage deed was presented at the Property Registry pre-petition (October 10, 2010);

---that since the mortgage deed was presented at the Registry of Property during the year 2009, the recordation of said mortgage will related back to such date once the Property Registrar passes final judgment as to its validity;

---that in the event the mortgage deed cannot be recorded because of a defect that precludes recordation, the mortgagee would still have the opportunity to cure the defects and once the defects are corrected the recordation date would still related back to the date of the original presentation of the document at the Property Registry, well before the commencement of this case. *Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6)*, at page 19, Docket No. 16.

9

36. That the Defendant's aforestated reasoning is grounded on a "presumption" that a document (mortgage deed) presented at the Property Registry will presumably be recorded.

37. That the Defendant's above stated reasoning is based on a defective "presumption" since the facts surrounding the Defendant's mortgage deed 184 demonstrate that said mortgage is not valid. If a "presumption" is to be used to solve the present issue before the Court the same should be based on the factual situation at the Property Registry concerning lot 379 which facts anticipate that the Defendant's mortgage will not be recorded.

38. In the present adversary, the facts reveal that lot 379 has not been segregated, that as a result of an investigation at the Property Registry the segregation deed for lot 379 cannot be recorded, and that since lot 379 does not exists, the Defendant's mortgage is not valid and the same also will not be recorded, which recordation in the Property Registry is essential to the validity of a mortgage. Therefore, Defendant cannot be construed as a mortgage holder. See: *Pino Development Corp. v. Registrador*, 133 D.P.R. 373, 386 (1993).

39. Attached as Exhibit "1" to the present Reply, is an unsworn declaration under penalty of perjury executed by Mr. Angel Urbina which states that pursuant to his findings after conducting a title investigation of the Property, the Defendant's mortgage deed number 184 cannot and will not be recorded at the Property Registry.

40. Therefore, the application of both Article 19 and the *prior tempore potior iure* principle do not apply to the issues before the Court in the present case. The facts surrounding the Defendant's mortgage deed 184 do not allow recordation of this deed, thus, the Defendant does not have a mortgage lien on the Property.

10

## D. The "constitutive" requirement for a mortgage to be valid.

41. In Puerto Rico, the requisites, nature and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 118 (1st Cir. 2011).

42. Under Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) secure the fulfillment of a principal obligation; (ii) be stipulated in a deed and; (iii) it shall be recorded at the Registry of the Property. *Puerto Rico's Real Estate Registry Act of 2015*, 30 L.P.R.A. Section 6084.

43. The Puerto Rico Civil Code also establishes the "constitutive effect of recordation" applicable to mortgages, by requiring that the mortgage deed be recorded at the Registry for the mortgage to be properly constituted and valid. Civil Code of Puerto Rico, 31 L.P.R.A. Section 5042.

44. "Without the recording, 'a creditor only has an unsecured personal obligation regarding the underlying debt'. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 121 (1st Cir. 2011); see also: *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985) (failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker.') *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, (U.S. Bankruptcy Court DPR 2017).

## E. The case of *Ortega Ramos v. Banco Popular de Puerto Rico*

45. In the case of *Ortega Ramos v. Banco Popular de Puerto Rico*, *Opinion and Order*, Adv. No. 17-00092 (BKT) (May 8, 2018), the Bank's mortgage deed had been recorded under the Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry*.

11

46. In its *Opinion and Order* in the *Ortega-Ramos* case, *supra*, Honorable
Bankruptcy Judge Brian K. Tester resolved that although the Bank's mortgage deed had
been presented and recorded, there was a material fact creating a defect in the recordation
which prevented the Bank from having a valid recordation of said mortgage deed.

47. In the *Ortega-Ramos* case, *supra*, the Court held that "…BPPR's Mortgage Deed
was not properly recorded pursuant to Puerto Rico Mortgage Law, and therefore, Defendant
does not hold a secured claim". *Opinion and Order*, Adv. No. 17-00092, at page 9.

48. The *Ortega Ramos*, supra, decision is illustrative and applicable to the situation
presented in the present case since the Court considered the facts surrounding the
recordation of the Bank's deed and concluded that said facts evidenced a recordation defect
that clearly invalidated the recordation of the Bank's mortgage deed.

49. In the present case, the facts surrounding the presentation of the Defendant's
deed number 184 create defects which are of such nature that said mortgage deed cannot
and will not be recorded.

**F. The Defendant's duty to procure recordation of its mortgage deed.**

50. Up to the year 2008, Puerto Rico benefitted from an unprecedented volume of
construction of new houses in new developments. This high volume of transactions created
a delay at the Property Registry of Puerto Rico for the handling of presented documents.

51. In order to attend to this situation at the Property Registry, in the year 2010, Law
No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry* came into
effect which allowed the Property Registry to automatically register pending documents
before the Registry. However, the new law did not apply to segregations for new house
developments and other exceptions.

12

52. "The enumerated exceptions are: documents concerning partitions of properties;
...". *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, 35 (D. Puerto Rico
2017).

53. "The delay in the recordation process impedes the mortgage 'loans from having
actual guarantees, which renders access to capital and consequently, economic growth more
difficult'. Law 216 Statement of Motives, 2010 P.R. Laws No. 216 at 2; *Sanchez Diaz v.
Estado Libre Asociado de Puerto Rico*, 181 D.P.R. 826-827 (2011). The delay also
'jeopardizes the legal process regarding real property and impairs the rights of citizens.' Law
216's Statement of Motives. As a result of this situation, Law 216 passed as a temporary
measure." *Ramos v. Banco Popular de Puerto Rico*, 493 B.R. 355, 367 (D. Puerto Rico
2013).

54. In the year 2015, the Puerto Rico Legislature enacted Act 210-2015. One of the
purposes of the enactment of Law 210-2015 was to solve the volume of pending
registrations at the Property Registry, specially Act 210-2015 was enacted to solve the
situation concerning many pending mortgage deeds, which mortgages could not be
recorded due to certain defects that could not be corrected. Comments from the Honorable
Judge Mayra Huergo Cardoso, CLE Seminar on the New Mortgage Law of Puerto Rico, Act
210-2015, July 12, 2017 (EDUJUR).

55. That prior to enacting Law 210-2015, certain banks operating in Puerto Rico met
with some of the Property Registrars and legislators that were working on the Puerto Rico
Mortgage Law amendments and a solution to the volume situation affecting the recordation
of mortgages was proposed and incorporated into Act 210-2015: the new law would
eliminate some of the required government resolution(s) and certain complimentary

13

documents requirements to allow the banks to withdraw all pending unrecorded mortgage deeds (those that could not be corrected) and present the same again to the Registry under the new law (210-2015), allowing the Property Registrars to proceed with their (the mortgages) registrations. Comments by the Honorable Judge Mayra Huergo Cardoso, CLE Seminar on the New Mortgage Law of Puerto Rico, Act 210-2015, July 12, 2017 (EDUJUR).

56. In the present case, the Defendant knew or should have known that its mortgage deed could not be recorded. The situation at the Property Registry of Puerto Rico concerning the lack of recordation for thousands of documents, specifically mortgage deeds, is of common knowledge in the Puerto Rico's banking industry.

57. Therefore, the lack of recordation of mortgage deed number 184 for more than eight years cannot be attributable to a record "...devoid of any suggestion that the documents were defective in any manner or that Banco Popular bears any responsibility for the lengthy delay." *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 122 (1st Cir. 2011).

58. Law 210-2015 provides a solution to the situation concerning the Defendant's mortgage and the recordation of its mortgage deed number 184, thus, should the Defendant taken all the necessary steps in its power to effectuate due recording of its mortgage deed number 184, it is reasonable to state that its mortgage deed number 184 would have been recorded as of the date of this *Complaint*. The fact is that Defendant's deed number 184 cannot and will not be recorded as presented to the Property Registry.

## V. The Defendant's request for sanctions is unwarranted

59. In its motion to dismiss, First Bank alleges that the Plaintiffs/Debtors incurred in "...temerity in bringing this suit and because of the frivolous nature of their claims, an

14

award of court costs and attorney's fees in favor of First Bank Puerto Rico is appropriate."

*Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6)*, at page 13, paragraph 42, Docket No. 16.

60. Federal Rule of Bankruptcy Procedure 9011(b) provides that

> "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
>> ...
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discover; ...". Rule 9011 of the Federal Rules of Bankruptcy Procedure.

61. In the First Circuit case of *Nosek v. American Mortgage Company*, 609 F. 3d 6, 9, (1st Cir. 2010), the First Circuit Court cited the factors listed by the 1993 Advisory Committee notes to Rule 11 for determining when liability is appropriate.

62. "Both Rule 9011 of the bankruptcy court and its district court Rule 11 counterpart say that sanctions must be limited to what is sufficient to deter repetition of the offending conduct or comparable conduct by others. Fed. R. Bankr. P. 9011(c)(2); Fed. R. C. P. 11(c)(4). The 1993 Advisory Committee notes to Rule 11, helpful in construing Rule 9011, see *Featherson v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598 (1st Cir. 1988), offer a non-exhaustive list of factors helpful in making this determination:

15

Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time and expense; whether the responsible person is trained in law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; [and] what amount is needed to deter similar activity by other litigants." *Nosek v. American Mortgage Company*, 609 F. 3d 6, 9, (1st Cir. 2010).

63. In the present case, the Plaintiffs/Debtors contracted (pre-petition) the services of Mr. Angel Urbina, an expert in title investigations at the Property Registry, to investigate the situation surrounding Defendant's mortgage deed number 184. The result of Mr. Urbina's investigation at the Property Registry is that the Defendant's mortgage deed 184 cannot and will not be recorded as presented at the Property Registry on October 10, 2009.

64. Therefore, to the best of the attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the allegations contained in the present *Complaint*, have evidentiary support.

65. The fact that this case presents a novel issue or that the same may reverse previous case law is irrelevant to conclude that the Plaintiffs/Debtors have incurred in "temerity" by the "frivolous nature of their claims" as alleged by First Bank in its motion to dismiss.

66. Therefore, First Bank's request for an award of court costs and attorney's fees, is unwarranted.

16

## V. Conclusion and prayer for relief

67. There are several decisions in cases stemming from the Bankruptcy Court for the District of Puerto Rico, which have entertained similar issues to the issues before the Court in the present case. See: *Oliveras v. Banco Popular de Puerto Rico (In re Casanova)* 2018 Bankr. LEXIS 4009; *EMI Equity Mortgage v. Valdes-Morales*, 315 F. Supp. 694 (D. Puerto Rico 2018); *Ortega Ramos v. Banco Popular de Puerto Rico, Opinion and Order*, Adv. No. 17-00092 (BKT) (May 8, 2018); *Mendez Garcia v. Rushmore Loan Management Services, Opinion and Order*, Case No. 17-2345 (ADC) September 28, 2018, U.S. District Court, D. Puerto Rico; *Benavides Posada v. Banco Popular de Puerto Rico,* 574 B.R. 32, 35 (D. Puerto Rico 2017); *In re Perez Mujica, Opinion and Order*, dated September 9, 2013 Case No. 12-1413 (DRD) Bankruptcy Case No. 09-07655 (ESL), Adv. No. 10-00024 (D. Puerto Rico); *Ramos v. Banco Popular de Puerto Rico*, 493 B.R. 355 (D. Puerto Rico 2013); *Ortega Rodriguez v. Doral Bank, Opinion and Order*, dated October 19, 2012, Case No. 11-09482 ESL Adv. No. 12-00003, D. Puerto Rico; *Hiraldo v. Banco Popular de Puerto Rico*, 471 B.R. 676 (D. Puerto Rico 2012); *Alvarado v. RG Premier Bank,* 463 B.R. 200 (D. Puerto Rico 2011).

68. However, in the present case, the facts surrounding the presentation at the Property Registry of Defendant's mortgage deed number 184 are to be taken into consideration by the Court to determine whether or not the Defendant holds a mortgage lien encumbering the Property (lot 379).

69. The situation which this case presents to the Court based on the factual evidence surrounding the Defendant's presentation of its mortgage deed 184 at the Registry, denies the Defendant's allegations that said presentation, without recordation, is sufficient to hold

17

that it has a valid lien on the property (lot 379).

70. Plaintiffs respectfully state and allege that a dismissal of the present case at this stage of the case, without allowing the Plaintiffs to submit relevant evidence concerning the factual situation surrounding the mortgage deed presentation and its predicable failure to be recorded, would deny the Plaintiffs' right to a due process.

71. Furthermore, the volume of documents (mortgage deeds) filed at the Puerto Rico Property Registry which are still pending registration, imposes an obligation on the Courts to look at the Law and the relevant facts in order to decide on the merits the issues and cases brought before them concerning the rights of all the parties affected by the critical situation at the Puerto Rico Property Registry.

**WHEREFORE**, Plaintiffs Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos respectfully request this Honorable Court to grant the present reply and deny Defendant First Bank's *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)*, Docket No. 16, in the above captioned adversary proceeding.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF filing system which will send notice of same to: the Chapter 7 Trustee, Wigberto Lugo Mender, Esq., Rafael A. Ojeda Diez, Esq., Ojeda & Ojeda Law Office, PSC, Counsel for Defendant First Bank Puerto Rico; I also certify that a copy of this motion was sent via US Mail to the Plaintiffs: Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos, Urb Borinquen Valley 2 379 Capuchino Street Caguas PR 00725.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 22nd day of April, 2019.

*/s/ROBERTO FIGUEROA CARRASQUILLO*
**USDC # 203614**
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
**ATTORNEY FOR the PLAINTIFFS/DEBTORS**
**PO BOX 186 CAGUAS PR 00726**
**TEL. 787-744-7699; 787-963-7699 FAX 787-746-5294**
**EMAIL: rfigueroa@rfclawpr.com**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

CASE NO 18-05896 ESL

IN RE:

JOSE LUIS BIRRIEL RIVERA
LYDIA IRIS OCASIO BURGOS

CHAPTER 7

ADV. PROC. NO. 18-00140 ESL

DEBTORS

JOSE LUIS BIRRIEL RIVERA
LYDIA IRIS OCASIO BURGOS

PLAINTIFFS

V.

FIRST BANK PUERTO RICO

DEFENDANT

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, ANGEL URBINA, of legal age, single, and resident of Guaynabo, Puerto Rico, declare, under penalty of perjury, as follows:

1. That on October 05, 2018, I prepared a report on my observations and findings upon an investigation conducted at the Property Registry of Puerto Rico Caguas Section, concerning lot number 379 of Borinquen Valley 2 Development Caguas, Puerto Rico, and as requested by Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos.

2. That as a result of my investigation of lot 379, I concluded that the mortgage deed number 184, presented on October 10, 2009 at "asiento" 429 of diary 1149, has not been and will not be recorded due to the fact that lot number 379 has not been segregated from its original property ("finca").

3. That it is my opinion that the reason lot 379 has not been segregated is that there is a legal impediment that does not allow the Property Registrar to authorize the

**Page -2-**
**Unsworn declaration**
**Adv. No. 18-00140 ESL7**

segregation of lot number 379. Specifically, the situation with the segregation of lot number 379 consists in that certain complementary documents which are required by law do not exist and/or were not submitted to the Puerto Rico Property Registry. The complimentary documents are: a segregation plan and fees ("plano de segregación") and a government resolution for lot 379.

4. I certify that although this declaration is submitted in the English language, the same has been translated to me before signing and executing the same.

5. The foregoing declaration is submitted under penalty of perjury and I declare that the same is true and correct to the best of my information and belief.

In Caguas, Puerto Rico this 22nd day of April, 2019.

ÁNGEL URBINA
ANALISTA INTERAGENCIAL
787-486-2733